IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON RAND EASLEY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-349-O |
| | § | (Consol. With No. 4:19-CV-358-O) |
| | § | (NO. 4:17-CR-197-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Jason Rand Easley, movant, under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having

considered the motion, the government's response, the record, including the record in the

underlying criminal case, No. 4:17-CR-197-O, styled "United States v. Winter Le Boyette, et al.,"

the evidence presented at the hearing conducted on August 5, 2021, and applicable authorities,

finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named with others in a one-count indictment charging

him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.

CR Doc.[1] 71. On September 26, 2017, he entered a plea of not guilty. CR Doc. 83. The case was

set for trial in November, CR Doc. 78, and later continued until December 18, 2017. CR Doc. 110.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-197-O.

By letter dated November 20, 2017, movant requested the Court to relieve Anthony Green ("Green") of the obligation of representing him and to appoint a new attorney. CR Doc. 205. In response, the Court ordered Green to meet with movant and file a report regarding their meeting. CR Doc. 206. Green arranged a meeting for movant with Homeland Security to review all the evidence against him. CR Doc. 207. Green filed a report regarding his meeting with movant, reiterating movant's request that another attorney be appointed to represent him. CR Doc. 218. Green also filed a motion to withdraw. CR Doc. 219. On December 14, 2017, the Court heard the motion and denied it. CR Doc. 504.

On December 14, 2017, the government filed a superseding information charging movant with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 237. Movant and Green signed a waiver of indictment. CR Doc. 239. They also signed a factual resume setting forth the penalties movant faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that movant had committed the offense. CR Doc. 240. They also signed a plea agreement pursuant to which movant and the government agreed that methamphetamine attributed to movant by Edward Maldonado ("Maldonado")[2] would not be used by the Court in determining movant's base offense level. The plea agreement further provided that movant waived his right to appeal from his conviction and sentence. The plea agreement stated that movant had thoroughly reviewed all legal and factual aspects of the case with Green and was fully satisfied with his legal representation. CR Doc. 241. On December 15, 2017, movant entered his plea of guilty to the superseding information. CR Doc. 246.

---

[2] Maldonado was a defendant in a related case, No. 4:16-CR-103-O.

2

The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 30. CR Doc. 349, ¶ 27. He received a two-level adjustment for importation from Mexico. *Id.* ¶ 28. He received a two-level reduction for acceptance of responsibility. *Id.* ¶ 34. Based on a total offense level of 30 and a criminal history category of V, his guideline imprisonment range was 151 to 188 months. *Id.* ¶ 119. The government and movant each filed objections to the PSR. CR Docs. 350, 378. Movant amended his objections. CR Doc. 392. The probation officer prepared an addendum to the PSR, reflecting that if the Court accepted the plea agreement, movant's total offense level would be 23 and his guideline imprisonment range would be 84 to 105 months. CR Doc. 399.

On April 9, 2018, movant was sentenced to a term of imprisonment of 105 months. CR Doc. 427. He did not appeal.

## II.  GROUNDS OF THE MOTION

Movant asserts five grounds in support of his motion, all based on ineffective assistance of counsel. Movant says Green rendered ineffective assistance by: (1) failing to file a notice of appeal despite having been instructed to do so; (2) failing to advocate reasonably in favor of a third point for acceptance of responsibility; (3) failing to properly present relevant mitigation evidence at sentencing; (4) failing to investigate and advocate reasonably for the quantity of drugs attributed to movant; and (5) failing to investigate and advocate reasonably that a quantity of drugs attributed to movant was for his personal use. Doc.[3] 8. His arguments are set forth in his second amended memorandum. Doc. 17.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

In his first ground, movant alleges that Green failed to file a notice of appeal despite having been instructed to do so.[4] Doc. 1 at 7. The government conceded that a hearing would be necessary

---

[4] Movant does not maintain that Green failed to consult regarding pursuit of an appeal. If he intended to pursue such a ground, he failed to carry his burden. Counsel has a constitutionally imposed duty to consult about an appeal where there is reason to think either (1) that a rational defendant would want to appeal, or (2) the defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Here, there was no reason to think that a rational defendant would want to appeal because the right to appeal had been waived and there was no nonfrivolous ground for appeal. And, movant did not reasonably demonstrate to counsel that he was interested in appealing. As movant admitted at the August 5 hearing, he had knowingly waived his right to appeal. Movant pleaded guilty and his sentence was within the guideline range. His objections had been addressed and overruled and there was nothing to appeal. *See United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013)(duty to consult is assessed in light of all information counsel knew or should have known; whether conviction followed a trial or guilty plea is highly relevant, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained).

to consider the issue. Doc. 28-1 at 19–21. The court conducted a hearing on August 5, 2021, and has determined that the ground is without merit. The Court cannot find that Green disregarded specific instructions from movant to file a notice of appeal on his behalf. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable). Although movant testified that he sent an email to Green on the last day for the timely filing of an appeal requesting that Green file a notice of appeal,[5] Green testified under oath that he did not receive such communication, and that he conducted two different searches on his computer system in an attempt to find any such email. Green did not ignore a directive from movant to file a notice of appeal, because he did not know such request had been made. Had Green received a request to file a notice of appeal, he would have done so, even though movant had waived the right to appeal. The Court finds Green's testimony to be credible; movant's is not.

In his second ground, movant argues that Green failed to deliver to the government movant's "counter-offer on a plea agreement" and to advocate reasonably in favor of a third point for acceptance of responsibility. Doc. 8 at 7; Doc. 17 at 13–16. Movant contends that, from the beginning, he told Green that he had no dealings with Maldonado and that he was often working out of the area in 2016 when Maldonado claimed the drug transactions had occurred. Doc. 17 at 9. He says that he directed Green to tell the government that he would plead guilty if the drug

---

[5] At best, movant has shown that he sent an email to Green on April 25, 2018, which was sixteen days after he was sentenced. Aug. 5, 2021 hrg. Ex. 1. Despite his meticulous record-keeping, he does not have a copy of the email. He testified that it simply told Green to file a notice of appeal. This seems unlikely, however, given movant's propensity to send Green lengthy communications. *See, e.g.*, Doc. 17, Ex. 2 at 79–80. Further, movant would have had no reason to know that his judgment was not entered until April 11, thus extending the deadline for filing a notice of appeal. If he were instructing Green to file a notice of appeal, he surely would have done so by April 23. And, movant did not instruct his mother to tell Green that he wanted to appeal, even though he used her to communicate with him, but only that he was trying to contact Green. (Movant apparently did not copy his mother on the email as he had done on other occasions. *Id.*, Ex. 2 at 76, 77, 79.)

quantities alleged by Maldonado were excluded, but Green failed to do so. *Id.* at 9–10. He speculates that had Green conveyed his counteroffer, the government would have had no choice but to seek the additional one-level reduction for acceptance of responsibility. *Id.* at 15–16.

Movant admits that the government made several plea offers that Green conveyed to movant. Doc. 17 at 9. As the government notes, defense counsel must timely convey the government's plea offer to his client. Doc. 28-1 at 8; *Missouri v. Frye*, 566 U.S. 134, 145 (2012). The Court is not persuaded, however, that counsel has any obligation to pursue a plea agreement by communicating a counteroffer to the government. *See Robles-Pantoja v. United* States, No. DR-12-CV-038, 2015 WL 13534221, at *4 (W.D. Tex. Sept. 30, 2015)(citing cases). A defendant does not have a constitutional right to a plea bargain. *United States v. Rice*, 607 F.3d 133, 144 (5th Cir. 2010); *United States v. Lopez*, 979 F.2d 1024, 1036 (5th Cir. 1992). Perhaps for that reason a court will not upset a plea solely on the basis of a defendant's *post hoc* assertions about how he would have pleaded but for his counsel's deficiencies. Instead, the Court considers contemporaneous evidence to substantiate a defendant's expressed preferences. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

Here, the record reflects that when movant filed the motion to replace Green, he said that he could not "begin to intelligently or knowing[ly] accept or reject [plea] offers . . . without being able to assess the strength of the government's case against [him]." CR Doc. 205 at 1. His contention that Green had not engaged in any discovery or reviewed any records is belied by the record of the hearing regarding Green's representation.[6] Movant complained about a lot of things

---

[6] At the hearing, Green explained that he had reviewed the extensive materials provided by the government and that he and movant had reviewed the discovery except for items just provided by the government. Further, Green explained his strategy for not doing things movant had requested, such as subpoenaing movant's phone records. CR Doc. 504.

and had no hesitancy in addressing the Court. He never complained that Green had not obtained a plea bargain for him. Rather, it appeared that movant was disappointed that the government's presentation to him had been very vague and general. It was clear, however, that the government was well aware of movant's contention that he had had no dealings with Maldonado. CR Doc. 504.

In a letter he wrote to Green after finding out that he would not get the additional one-level reduction for acceptance of responsibility, movant wrote:

> (1) The Third Point for Acceptance of Responsibility-the [Maldonado] issue has been a point of contention from the beginning. I have made this issue very well known to you from the beginning. I requested more than once that you explore with the AUSA a stipulation or some other effective vehicle for removing [Maldonado] from the equation. You assured me that you had communicated this with the AUSA but that the AUSA denied the request. Of course, since that time, the government has reevaluated and accepted the original offer. Now that it has done so, how am I not entitled to a third level-reduction? My refusal to plead did not require that the government prepare for trial. Instead, it was the governments [sic] stubborn refusal to accept my reasonable offer, a position that it has now abandoned, that caused the delay.

Doc. 17 at 83. Obviously, movant understood that his counsel had done what he could. His reanalysis years later does not carry the burden of showing ineffective assistance. And, in any event, as the government explains in its response, movant cannot show prejudice even if Green's assistance was deficient, and it was not. Doc. 28-1 at 10–13.

In his third ground, movant complains about Green's alleged failure to provide the Court with relevant sentencing mitigation material, copies of which are attached as Exhibit 4 to his memorandum. Doc. 17 at 89–117. The record reflects, however, that the materials were presented and considered and that movant and Green each highlighted the reasons movant should receive a lower sentence. Doc. 29. The Court disagreed. That does not mean that movant received ineffective assistance or that he was prejudiced in any way.

In his fourth ground, movant says that Green rendered ineffective assistance by failing to investigate and advocate reasonably for the quantity of drugs attributed to him in setting his base offense level of 23. At best, the letter he sent Green, Doc. 17 at 83, merely suggests that "it could be objected" that a certain amount was double counted. Movant's conclusory allegations regarding the drug amounts do not establish that he received ineffective assistance. *See United States v. Rangel*, 108 F. App'x 162, 166 (5th Cir. 2004); *Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983). The Court was entitled to rely on the PSR, which movant has not shown to be erroneous. *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998). Moreover, movant has not shown, and could not show, that his sentence would have been any lower even had the guideline range been lower. The Court determined that a sentence of 105 months was appropriate. Doc. 29.

In his fifth ground, movant argues that Green rendered ineffective assistance by failing to object that some of the drugs attributed to him were for his personal use. Again, his letter to Green simply made the conclusory allegation that "much of the meth I am said to have purchased was not for resale but rather personal use." Doc. 17 at 83. Movant pleaded guilty to participating in a conspiracy, not simple possession. His purchases for personal use, even if true, are relevant in determining the quantity of drugs movant knew was distributed by the conspiracy. *United States v. Heard*, 891 F.3d 574, 576 (5th Cir. 2018); *Rangel*, 108 F. App'x at 162 (citing cases). Green's failure to raise a meritless argument is not ineffective assistance. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). And, in any event, movant has not shown, and cannot show, harm as a result.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

9

R. Kevin Rousseau is relieved of any further responsibility on this matter, after sending movant a copy of this opinion and order and final judgment.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 6th day of August, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

10